**Lydia Sergiyevna TROFIMENKO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–75373.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed May 5, 2008.

Vitaly B. Sigal, for Petitioner.

Tom C. Clark, II, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Eric W. Marsteller, Oil, U.S.

---

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

## MEMORANDUM **

Lydia Sergiyevna Trofimenko, a citizen of Ukraine, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's order denying her application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir.2002), we grant the petition for review and remand for further proceedings.

Neither of the two adverse credibility grounds the BIA relied on is supported by substantial evidence. Whether Trofimenko's husband or son was at home when the authorities came in April 2003 does not affect her claimed persecution. *See id.* at 1112 ("Minor inconsistencies that reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding." (internal quotation marks and citation omitted)). In addition, our review of the record compels the conclusion that Trofimenko was not inconsistent in describing how many times she was required to undress while detained. She stated that this treatment occurred once in a police station and twice while she was in jail. *Id.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We accept the Attorney General's position that the BIA's discussion of the documents Trofimenko submitted on appeal was not an additional adverse credibility ground. We therefore remand for further proceedings, taking Trofimenko's testimony as true, to consider the merits of her application for relief. *See He v. Ashcroft*, 328 F.3d 593, 604 (9th Cir.2003).

**PETITION FOR REVIEW GRANTED; REMANDED.**